IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER L. PARKER,<br>#S07242, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 19-cv-00530-SMY<br>) |
| JOHN R. BALDWIN,<br>IDOC RECORDS OFFICE,<br>and GLENN JACKSON, | )<br>)<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Christopher L. Parker, an inmate in the custody of the Illinois Department of Corrections ("IDOC") currently incarcerated at Big Muddy River Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff originally filed the action in the United States District Court for the Northern District of Illinois on April 2, 2019. *See Parker v. Baldwin*, No. 19-cv-02261 (N.D. Ill. 2019). The case was transferred to this District on May 23, 2019.

In his Complaint (Doc. 1) and Amended Complaint (Doc. 6), Plaintiff claims he was erroneously held in IDOC custody for 906 days between July 3, 2015 and December 31, 2017. (Doc. 1, pp. 1-5; Doc. 6, pp. 1-10). He blames Chief Records Officer Glenn Jackson for improper application of 730 ILCS 5/3-14-2.5(d)-(e). (*Id.*). Plaintiff brings a Fourteenth Amendment claim against IDOC Director Baldwin, the IDOC Records Office, and Chief Records Officer Jackson for depriving him of a liberty interest without due process of law. (Docs. 1 and 6). Plaintiff seeks declaratory judgment, money damages, and injunctive relief. (Doc. 1, p. 5; Doc. 6, pp. 5-6, 8-10).

1

Along with the original Complaint, Plaintiff filed an application for leave to proceed *in forma pauperis* ("IFP"). (Doc. 3). He also filed a Motion for Temporary Restraining Order, seeking an order enjoining enforcement of 730 ILCS 5/3-14-2.5(d)-(e) against him, and Notice of Imminent Danger of Serious Injury, disclosing the fact that he is "struck out" under 28 U.S.C. § 1915(g) but still seeking leave to proceed IFP. (Docs. 4 and 5). Before screening this matter under 28 U.S.C. § 1915A, the Court must first address Plaintiff's eligibility for IFP status. 28 U.S.C. § 1914(a). Because he is unable to satisfy Section 1915(g), Plaintiff's IFP Motion must be **DENIED**.

## IFP Motion

Plaintiff seeks the Court's permission to proceed without prepaying the full $400.00[1] filing fee for this action. 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's IFP Motion satisfies these formal requirements. (Doc. 3).

Plaintiff is nevertheless barred from proceeding IFP under 28 U.S.C. § 1915(g). Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment IFP,

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. However, a litigant who is granted IFP status is exempt from paying the additional $50.00 fee.

2

"if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Plaintiff is subject to the three-strikes bar to IFP status because he "struck out" before filing this action.

The Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Plaintiff filed at least three prior civil actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994) (courts can take judicial notice of public records which include court records). These lawsuits include, but are not limited to, the following: *Parker v. Roeckman*, No. 13-cv-00820 (S.D. Ill. dismissed Sept. 13, 2013); *Parker v. Hammers*, No. 17-cv-01501 (C.D. Ill. dismissed Jan. 3, 2018); *Parker v. Hammers*, No. 17-cv-01504 (C.D. Ill. dismissed Jan. 2, 2018); *Parker v. Hammers*, No. 17-cv-01513 (C.D. Ill. dismissed Jan. 31, 2018); *Parker v. Illinois River Corr. Ctr. Operations Dep't*, No. 17-cv-01521 (C.D. Ill. dismissed March 8, 2018). Each of these dismissals counts as a "strike" under Section 1915(g). *Id*.

Because Plaintiff has incurred more than three strikes under Section 1915(g), he cannot proceed IFP unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "[I]mminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the

harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff focuses entirely on a past harm—his unlawful detention in IDOC custody for 906 days between July 3, 2015 and December 31, 2017. (Doc. 1, pp. 1-5; Doc. 6, pp. 1-10). He does not explain how his past unlawful detention threatens any present physical harm. Plaintiff has not demonstrated that he faces imminent danger of serious *physical* injury necessary to overcome the three-strikes bar to litigation under Section 1915(g). Accordingly, Plaintiff's IFP Motion shall be **DENIED**.

## Motion for Temporary Restraining Order

In his Motion for TRO (Doc. 4), Plaintiff seeks an order enjoining the IDOC Records Office from applying 730 ILCS 5/3-14-2.5(d)-(e) until this Court can hold a hearing on Plaintiff's request for a preliminary injunction. (Doc. 4). A TRO may issue only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" or "to prevent a substantial risk of serious injury from ripening into actual harm." FED. R. CIV. P. 65(b). Plaintiff fails to explain how his unlawful detention from 2015-17 is causing or threatening to cause immediate or irreparable injury at this time.

A plaintiff seeking emergency injunctive relief must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citing *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)). If those three factors are shown, the court must balance the harm to each party and public interest from granting or denying

the injunction. *Id.* (citations omitted). Because Plaintiff has not clearly indicated why or how he is now impacted by his unlawful custody from 2015-17, he has not satisfied any of these requirements. The Motion for TRO is **DENIED** without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is **DENIED**. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 4) is **DENIED** without prejudice.

**IT IS ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-eight (28) days** of the date of entry of this Order (on or before **June 25, 2019**). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

The Court will not screen the Complaint (Doc. 1) or Amended Complaint (Doc. 6) pursuant to 28 U.S.C. § 1915A until Plaintiff complies with this Order.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: 5/28/2019**

                                                **s/ STACI M. YANDLE**
                                                **U.S. District Judge**