IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER L. PARKER, #S07242, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 19-cv-00530-SMY<br>) |
| JOHN R. BALDWIN,<br>IDOC RECORDS OFFICE,<br>and GLENN JACKSON, | )<br>)<br>)<br>) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Christopher Parker, an inmate in the custody of the Illinois Department of Corrections ("IDOC") currently incarcerated at Graham Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] In his First Amended Complaint, Plaintiff claims that he was denied credit toward his term of mandatory supervised release ("MSR") for 906 days he spent in IDOC custody following reincarceration for violations of his MSR. (Doc. 6, pp. 1-10). The IDOC Records Office denied Plaintiff's request for discharge of his MSR term pursuant to 730 ILCS § 5/3-14-2.5(e), an Illinois statute that tolls MSR terms of certain sex offenders during periods of incarceration. (*Id.*). Plaintiff challenges the constitutionality of 730 ILCS §§ 5/3-14-2.5(d) and (e). (Doc. 6). He brings related claims against the Defendants under the Eighth and

---

[1] Plaintiff originally filed the action in the United States District Court for the Northern District of Illinois on April 2, 2019. *See Parker v. Baldwin*, No. 19-cv-02261 (N.D. Ill. 2019). The case was transferred to this District on May 23, 2019. (Doc. 10). On May 28, 2019, this Court denied Plaintiff's request for leave to proceed *in forma pauperis* because he "struck out" and did not demonstrate that he faces imminent danger of serious physical injury. (Doc. 12). Plaintiff was ordered to pay the full filing fee for this action no later than July 25, 2019. (*Id.*). He satisfied this obligation on July 1, 2019.

1

Fourteenth Amendments, and seeks declaratory judgment, injunctive relief, and money damages. (*Id*.).

The First Amended Complaint (Doc. 6) supersedes and replaces the Complaint (Doc. 1) and is now before the Court for preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 6, pp. 1-10): Plaintiff was convicted of criminal sexual assault and required to serve a term of MSR for three years to life pursuant to 730 ILCS § 5/5-8-1(d)(4) following completion of his underlying sentence. He began serving his MSR term on July 3, 2012. (*Id*. at p. 3). Less than three months later, he was reincarcerated for violating unspecified conditions of his MSR. (*Id*.). Although the Prison Review Board approved Plaintiff for re-release on condition that he find a suitable host site in November 2012, Plaintiff was unable to secure one from September 12, 2012 until May 12, 2015. (*Id*.).

In July 2015, three years after his original release from incarceration, the IDOC Records Office denied Plaintiff's request for discharge of his MSR obligation[2] and advised that he would receive no credit toward MSR for the time he was reincarcerated. (*Id*.). The IDOC Records Office explained that the tolling provision in 730 ILCS § 5/3-14-2.5(e) applied to him, and the office took

---

[2] Agent Robert Schmid prepared and submitted the paperwork on Plaintiff's behalf. (*Id*. at p. 3).

2

this position until Supervisor Glenn Jackson retired on December 31, 2017.[3] (*Id*. at pp. 2-3). As a result, Plaintiff served "dead time" for which he received no credit toward MSR from July 2015 until December 31, 2017.[4] (*Id*. at pp. 3-4, 7). He now claims that this 906-day period of confinement violated his Fourteenth Amendment right to due process of law and the Eighth Amendment prohibition against cruel and unusual punishment. (Doc. 6). He seeks money damages for these constitutional deprivations against Supervisor Jackson, in his individual capacity. (*Id*. at pp. 5-8). He also seeks an order declaring 730 ILCS §§ 5/3-14-2.5(d) and (e) unconstitutional on due process and vagueness grounds and enjoining the IDOC Director and IDOC Records Office, in their official capacities, from enforcing the tolling provisions of the statute against anyone. (*Id*. at pp. 6, 9-10).

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate the following Counts in this the *pro se* action:

**Count 1:** Constitutional due process and vagueness challenge to 730 ILCS §§ 5/3-14-2.5(d) and/or (e), which toll MSR during incarceration but provide no process for seeking discharge, fail to define the reasons for denying discharge applications, and authorize MSR beyond the 3-year minimum term.

**Count 2:** Eighth and/or Fourteenth Amendment claim against Supervisor Jackson, in his individual capacity, for applying 730 ILCS § 5/3-14-2.5(e) to toll Plaintiff's MSR for 906 days from July 2015 until December 31, 2017.

---

[3] Plaintiff maintains that Supervisor Jackson should have filed a motion to enjoin enforcement of this statute against Plaintiff and other inmates, and his failure to do so amounted to personal involvement in deprivations of their constitutional rights. (*Id*. at pp. 4-5, 7).

[4] The Court's review of public records reveals that Plaintiff's sentence has not been discharged. *See* https://www2.illinois.gov/idoc/offender/pages/inmatesearch.aspx (sited last visited Aug. 1, 2019). When he filed this action, he was incarcerated at Big Muddy River Correctional Center. He has since been released on parole and reincarcerated at Graham. (Doc. 1, p. 5; Doc. 6, p. 2; Doc. 15). Plaintiff has filed several Section 1983 lawsuits to challenge his continued incarceration on constitutional grounds. *See, e.g., Parker v. Madigan*, No. 17-cv-1115-SLD (C.D. Ill.) (dismissed for lack of jurisdiction on May 8, 2017); *See also Parker v. Jackson*, No. 17-cv-1478-JES (C.D. Ill.) (dismissed without prejudice under Federal Rule of Civil Procedure 12(b) on March 13, 2019). He has repeatedly sought habeas relief in state and federal court as well. *See, e.g., Parker v. Roeckeman*, No. 16-cv-206-DRH-CJP (S.D. Ill. 2013); *Parker v. Korte*, No. 16-cv-908-DRH (S.D. Ill. 2016); *Parker v. Korte*, No. 16-cv-1082-DRH (S.D. Ill. 2016).

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the First Amended Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[5]

## Discussion

### Count 1

Plaintiff attacks 730 ILCS §§ 5/3-14-2.5(d) and (e) on due process and vagueness grounds. He complains that these statutes toll certain sex offenders' terms of MSR during periods of incarceration without providing a clear process for seeking discharge of MSR or defining the reasons for denying applications for discharge when extending a term of MSR beyond the three-year minimum. Plaintiff does not develop the claim, however, and he cannot rely on bald assertions or conclusory legal statements, even at this early stage. *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009) (legal conclusions, conclusory statements, and threadbare recitals of the elements of a cause of action need not be accepted as true).

Further, the plain language of the statutes provides a process for seeking discharge of MSR. For sex offenders like Plaintiff, the MSR term is an indeterminate amount of time that ranges from three years to life. 730 ILCS § 5/5-8-1(d)(4). Individuals may apply for termination of MSR by following the procedure outlined in 703 ILCS § 5/3-14-2.5(d), which states:

> (d) [r]eleasees serving extended mandatory supervised release terms pursuant to subsection (d) of Section 5-8-1 of this Code may request discharge from supervision as provided by subsection (b) of Section 3-3-8 of this Code. Requests for discharge from extended mandatory supervised release shall be supported by a recommendation by the releasee's supervising agent and an evaluation of the releasee completed no longer than 30 days prior to the request for discharge from supervision. The evaluation shall be conducted by a Sex Offender Management Board approved sex offender evaluator and shall be at the releasee's expense.

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Id*. Section 3-3-8(b), referenced therein, provides that the "Prisoner Review Board may enter an order releasing and discharging one from parole or mandatory supervised release, and his or her commitment to the Department, when it determines that he or she is likely to remain at liberty without committing another offense." *See* 730 ILCS § 5/3-3-8(b). Section 5/3-14-2.5(e) provides that a "term of extended mandatory supervised release pursuant to paragraph (4) of subsection (d) of Section 5-8-1 of this Code shall toll during any period of incarceration." *Id*.

Plaintiff quotes portions of the statutes in the First Amended Complaint and indicates that Agent Schmid prepared and submitted a discharge application on his behalf and consistent with the procedure. (Doc. 6, p. 9). Plaintiff's application was denied pursuant to the tolling provision in 730 ILCS § 5/3-14-2.5(e). The IDOC Records Office identified this tolling statute as the only basis for its decision. Plaintiff's application was not denied because of uncertainty in the procedure used to review the application, a lack of fair warning about when or how to submit the application, or unclear standards used to determine the likelihood he would commit another offense. In other words, it is not the absence of a clear procedure, but rather his lack of success using the procedure to achieve discharge of his MSR, that Plaintiff disputes. Therefore, Count 1 fails to state a claim for relief and will be dismissed without prejudice.

To the extent Plaintiff seeks discharge of his MSR term and release from IDOC custody, he cannot pursue the request in this action. Attacks on the duration of confinement or custody are reserved for state and/or federal habeas actions. *See Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004) ("[A] prisoner claiming a right to release on parole must use § 2241 (or § 2254 for a state prisoner); but a prisoner claiming that parole officials are apt to use incorrect rules when resolving a future application must use the APA (or 42 U.S.C. § 1983 for a state prisoner)."). A

5

review of public records reveals that Plaintiff has already filed numerous unsuccessful habeas petitions to date.[6]

## Count 2

Section 1983 liability does not arise against Glenn Jackson simply because he served as a supervisor in the IDOC Records Office during the period in question. The doctrine of *respondeat superior* has no application in this context. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Instead, liability arises where the "conduct causing the constitutional deprivation occurs at [the defendant's] direction or with his knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiff's allegations do not suggest that Jackson knowingly acted or failed to act in a manner that violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments. By all indications, Plaintiff named Jackson as a defendant based entirely on his supervisory role. Accordingly, Count 2 shall be dismissed without prejudice against this defendant.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (including **COUNTS 1** and **2**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS DIRECTOR (JOHN BALDWIN), ILLINOIS DEPARTMENT OF CORRECTIONS RECORDS OFFICE,** and **GLENN JACKSON** are **DISMISSED** without prejudice from the action. The Clerk is **DIRECTED** to **TERMINATE** these defendants in CM/ECF.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **September 3, 2019**. Should Plaintiff fail to file a Second Amended Complaint within the allotted

---

[6] *See, e.g., Parker v. Roeckeman*, No. 16-cv-206-DRH-CJP (S.D. Ill. 2013); *Parker v. Korte*, No. 16-cv-908-DRH (S.D. Ill. 2016); *Parker v. Korte*, No. 16-cv-1082-DRH (S.D. Ill. 2016).

time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 19-cv-00530-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own *without* reference to any previous pleading. The Court will not accept piecemeal amendments. Plaintiff must re-file any exhibits he wishes the Court to consider. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/5/2019**                             s/ STACI M. YANDLE
                                                **United States District Judge**