## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER L. PARKER, | ) | |
| #S07242, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 19-cv-00530-SMY** |
| | ) | |
| ROB JEFFERYS, | ) | |
| IDOC RECORDS OFFICE, | ) | |
| and GLENN JACKSON, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

This matter is now before the Court for review of the Second Amended Complaint filed by Plaintiff Christopher Parker.  (Doc. 23).  Plaintiff is an inmate in the custody of the Illinois Department of Corrections ("IDOC") and is currently incarcerated at Big Muddy River Correctional Center.  He brings this civil rights action pursuant to 42 U.S.C. § 1983 to challenge the constitutionality of 730 ILCS § 5/3-14-2.5(d), which governs the procedure for seeking discharge of mandatory supervised release ("MSR") for certain sex offenders, and 730 ILCS § 5/3-14-2.5(e), which tolls MSR for any period of incarceration.  Plaintiff claims that, in violation of his Eighth and Fourteenth Amendment rights, he was denied credit toward his term of MSR for 906 days he spent in IDOC custody following re-incarceration for violations of his MSR.  He seeks declaratory judgment, injunctive relief, and money damages.

The Second Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner Complaints and filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of a Complaint that is legally

frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 23): Plaintiff was convicted of criminal sexual assault. Pursuant to 730 ILCS § 5/5-8-1(d)(4), he was required to serve a term of MSR for three years to life, following completion of his term of imprisonment. (*Id*. at 10-11).

The Illinois Prisoner Review Board ("PRB") may order a person to be reincarcerated, if he is found to be in violation of his MSR term pursuant to 730 ILCS § 5/3-3-9(a)(3)(i)(c). This period of reincarceration tolls the term of MSR pursuant to 730 ILCS § 5/3-14-2.5(e). (*Id*. at 12). However, an offender who meets the requirements of 730 ILCS § 5/3-14-2.5(d) after three years of MSR may seek discharge of MSR. (*Id*.). The IDOC Records Office is tasked with calculating all IDOC sentences and determining when an IDOC inmate can request discharge of MSR. (*Id*. at 8). Pursuant to 730 ILCS § 5/5-8-1(d)(4), the IDOC Records Office may ask the PRB to discharge inmates from MSR. (*Id*.). However, the PRB makes the final decision on MSR discharge. (*Id*.).

Plaintiff "fulfilled the lawful portion of [his] court imposed 5-year, 3-month determinate sentence of imprisonment" and began serving his statutorily-required MSR term. (*Id*. at 12). On September 12, 2012, he was arrested and re-incarcerated for violating unspecified conditions of his MSR. (*Id*.). The PRB approved Plaintiff for re-release on condition that he find a suitable host site. (*Id*.). Despite meeting with the PRB every few months, Plaintiff was unable to secure a suitable site and remained incarcerated. (*Id*. at 13). He was issued another violation report for failure to find suitable housing in September 2014. (*Id*.). The PRB approved him for re-release on

condition that he find a suitable host site.  (*Id.*). Plaintiff was again released to MSR on May 12, 2015.  (*Id.*).

In July 2015, three years after Plaintiff's original release from incarceration, Supervising Agent Robert Schmid prepared the paperwork necessary to seek discharge of his MSR pursuant to 730 ILCS § 5/3-14-2.5(d).  (*Id.*).  The IDOC Records Office informed him that Plaintiff would not receive credit for his period of re-incarceration pursuant to 730 ILCS § 5/3-14-2.5(d) based on the tolling provision in 730 ILCS § 5/3-14-2.5(e).  (*Id.*).  Consequently, the IDOC Records Office would not allow Plaintiff to go before the PRB and request discharge of his MSR obligation.  (*Id.*). The IDOC Records Office took this position until Supervisor Glenn Jackson retired on December 31, 2017.  (*Id.* at 2-3).  Although Jackson knew that 730 ILCS § 5/3-14-2.5(e) effectively extends periods of incarceration of certain inmates, like Plaintiff, he took no steps to enjoin enforcement of this statute against Plaintiff and similarly situated inmates.  (*Id.* at 13).  As a result, Plaintiff received no credit toward MSR for this period of re-incarceration and created "dead time" by improperly extending his incarceration.  (*Id.*).  He returned to IDOC in September 2015 for a violation of MSR, and the PRB again approved him for re-release.  (*Id.*).  Plaintiff remained incarcerated until May 1, 2019.  (*Id.*).

Plaintiff claims that his confinement has been excessive due to application of 730 ILCS § 5/3-14-2.5(d) and (e), in violation of his Fourteenth Amendment right to due process of law and the Eighth Amendment prohibition against cruel and unusual punishment.  (Doc. 23).

Based on the allegations in the Second Amended Complaint, the Court finds it convenient to designate the following Counts in this the *pro se* action:

**Count 1:**     730 ILCS § 5/3-14-2.5(d) is facially void for vagueness in violation of the Fourteenth Amendment Due Process Clause.

**Count 2:**     730 ILCS § 5/3-14-2.5(e) denies anyone within the "Murphy class"[1] their "due process right" to request discharge of MSR at three years.

**Count 3:**      Plaintiff was subject to excessive incarceration in violation of his Eighth Amendment rights, based on Glenn Jackson's application of 730 ILCS § 5/3-14-2.5(e) to him.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Second Amended Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

Plaintiff is attempting to employ § 1983 to attack the length of his sentence. He maintains his sentence was unlawfully extended by application of 730 ILCS § 5/3-14-2.5(e), which tolled his MSR during periods of re-incarceration and prevented him from seeking discharge of MSR at the earliest possible date under 730 ILCS § 5/3-14-2.5(d). Plaintiff attacks both statutes on Fourteenth Amendment due process grounds (Counts 1 and 2) and he seeks money damages for each day of wrongful incarceration on Eighth Amendment grounds (Count 3). He complains that the statutes toll certain sex offenders' terms of MSR during periods of incarceration without providing a clear process for seeking discharge of MSR or defining the reasons for denying applications for discharge when extending a term of MSR beyond the three-year minimum.

Habeas corpus is the sole federal remedy for an inmate who wishes to challenge the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Even when, as here, an inmate seeks monetary relief, habeas is the only available remedy when a decision in the

---

[1] The "Murphy class" is a group of indigent sex offenders who brought a putative class action lawsuit pursuant to 42 U.S.C. § 1983 to challenge the constitutionality of indefinite detention based on the unavailability of an affordable, suitable host site. *See Murphy v. Raoul,* 380 F. Supp. 3d 731 (2019) (Doc. 26, pp. 11, 15). Plaintiff cannot represent a class as a *pro se* plaintiffs, and the "Murphy class" is already pursuing said claims in federal court.

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

inmate's favor would call his continued confinement into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck,* in order to recover damages under § 1983 for an allegedly unconstitutional conviction or imprisonment or for "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," an inmate must show that the sentence has been previously invalidated, *i.e.,* "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.

The Court's review of public records reveals that Plaintiff remains incarcerated on the sentence he now challenges.[3] *See Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). Although he was last paroled on May 1, 2019, he was reincarcerated on July 9, 2019 and has a projected parole date of July 9, 2021. Thus, his sentence has not been discharged, overturned or reversed, and he cannot proceed with a § 1983 claim for money damages against the defendants. Accordingly, the Second Amended Complaint and this action shall be dismissed as *Heck*-barred.[4]

## Disposition

**IT IS HEREBY ORDERED** that the Second Amended Complaint (Doc. 23) and this action are **DISMISSED** without prejudice as being *Heck*-barred. The Clerk of Court is **DIRECTED** to close this case and to enter judgment accordingly. Plaintiff is **ADVISED** that the

---

[3] *See* https://www2.illinois.gov/idoc/offender/pages/inmatesearch.aspx (sited last visited June 5, 2020).

[4] This dismissal does not necessarily foreclose all avenues of relief. A state inmate may challenge his conviction or sentence in a direct appeal, post-conviction proceeding, state mandamus action, or federal habeas action pursuant to 28 U.S.C. § 2254. If he succeeds in invalidating his sentence or overturning his conviction, Plaintiff may then pursue a claim for money damages under Section 1983. With that said, the Court cannot convert any portion of this action into a claim for habeas corpus relief. *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir. 1996). To the extent he seeks such relief, Plaintiff must bring a separate action in state and/or federal court. This Court takes no position on the merits of any other action Plaintiff undertakes in state or federal court.

dismissal does <u>not</u> count as a "strike" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). Because he "struck out" under 28 U.S.C. § 1915(g) before filing this action, Plaintiff will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  JUNE 22, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**